■ MICHAEL MINER et al., Appellants, v DSN DEALER SERVICE NETWORK, INC., et al., Respondents.—Yesawich, Jr., J. Appeals (1) from an order of the Supreme Court (Coutant, J.), entered October 2, 1987 in Tioga County, which, inter alia,

denied plaintiffs' motion for class action certification, and (2) from an order of said court (Rose, J.), entered May 23, 1988 in Tioga County, which, *inter alia,* granted defendant DSN Dealer Service Network, Inc.'s motion to dismiss the complaint against it.

In May 1985, plaintiffs purchased a used automobile and a service contract covering certain repairs to the vehicle from defendant Jesse M. Genter, III. Genter had a contract with defendant DSN Dealer Service Network, Inc. (hereinafter DSN), under which DSN administered such service contracts. In July 1985, plaintiffs' vehicle sustained a mechanical failure allegedly covered by the service contract, but DSN rejected the claim. Plaintiffs subsequently commenced this action against defendants for breach of the service contract, arguing that as to DSN they were third-party beneficiaries of the contract between DSN and Genter, and for a refund of the service contract price which they deemed to be insurance premiums. In addition, plaintiffs asserted a class action complaint against DSN, alleging the unlicensed sale of insurance and misrepresentation regarding the nature of the insurance. Thereafter, plaintiffs moved for certification as a class action. Supreme Court withheld decision on that motion pending a hearing pursuant to CPLR 901 and 902. In the interim, DSN moved for and was granted reargument on that motion, following which Supreme Court concluded that plaintiffs had no standing to sue DSN and hence were not entitled to class action certification. DSN then successfully moved to have the complaint against it dismissed. Plaintiffs, as limited by their brief, appeal from both orders to the extent that they rule that plaintiffs have no standing to sue DSN and deny a hearing on class action certification.

As noted by Supreme Court, the dealer service contract between plaintiffs and Genter explicitly limits plaintiffs' remedy to an action against Genter. Plaintiffs' claim that they are third-party beneficiaries of the Genter/DSN contract is based on the following introductory language contained therein: "WHEREAS, the Dealer [Genter] is engaged in the sale of motor vehicles and desires to retail a Dealer Service Contract Program for sale to and for the benefit of the Dealer's customers."

But this language only states that the service contracts sold by Genter are intended to benefit his customers, not that the contract between Genter and DSN is for the benefit of Genter's customers *(see,* 22 NY Jur 2d, Contracts, § 273, at 133-134). The Genter/DSN contract is basically an agreement to provide Genter with insurance indemnifying him against

losses suffered as a result of service contracts he sells to his customers. If Genter fails to honor a service contract the customer has a cause of action against him; if DSN fails to provide Genter with insurance coverage pursuant to their contract it is Genter who has a cause of action against DSN. There is, however, no basis for a direct action by plaintiffs against DSN. Likewise, Genter is the only party with standing to complain if DSN lacks licensing for the sale of insurance.

Lastly if plaintiffs have a tort claim of some nature against DSN, it is not borne out by the facts before us.

Orders affirmed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.